IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

LINDA CLINE, et al.,

          Plaintiffs,

v.                                    CIVIL ACTION NO.  2:10-cv-00489

LOWE'S HOME CENTERS, INC., et al.,

          Defendants.

**MEMORANDUM OPINION AND ORDER**

Pending before the court is the Motion by the Defendant, Lowe's Home Centers, Inc. ("Lowe's"), to Dismiss Plaintiff Gary Cline [Docket 36], which was joined by defendants Stanley Black & Decker, Inc., f/k/a the Stanley Works and Stanley Access Technologies, LLC (collectively, the "Stanley defendants") [Docket 38].  For the reasons set forth below, the Motion is **DENIED**.

**I.    Background**

This case involves claims stemming from an accident that the plaintiff, Linda Cline, had while shopping at a Lowe's store in Logan, West Virginia on December 9, 2007. (Am. Compl. [Docket 1], at 12.)  As the underlying facts are not relevant to the instant dispute, I provide only a brief summary of the procedural history here.

On December 3, 2009, the plaintiff, Linda Cline, filed her original Complaint in the Circuit Court of Logan County, West Virginia, naming Lowe's as the sole defendant.  The original

Complaint (Docket 1, at 6-9), contained two counts[1] against Lowe's, asserting that Lowe's breached its duty to repair its malfunctioning doors and failed to maintain its premises in a reasonably safe condition. On February 23, 2010, the plaintiff filed an Amended Complaint in the Circuit Court of Logan County, on behalf of herself and her husband, Gary Cline. (Docket 1, at 10-18.) The Amended Complaint[2] named Lowes as well as four other defendants, including the Stanley defendants.[3] The Amended Complaint contains seven counts. Counts Two through Seven allege claims for negligence, failing to maintain premises in reasonably safe condition, breach of express and implied warranties, and strict liability on behalf of plaintiff Linda Cline. Count Eight alleges a claim for loss of consortium on behalf of Gary Cline. Gary Cline was not named as a plaintiff in the original Complaint.

On April 15, 2010, the defendants removed the action to this court pursuant to 28 U.S.C. § 1441 on the grounds of complete diversity between the parties under 28 U.S.C. § 1332. On June 7, 2011, Lowe's filed the instant Motion to Dismiss Plaintiff Gary Cline. In its Motion, Lowe's asserts that Gary Cline's loss of consortium claim should be dismissed because it is barred by the applicable two year statute of limitations set forth in West Virginia Code § 55-2-12. According to Lowe's, the

---

[1] While the original Complaint contained three "Counts," Count One did not contain any cause of action or prayer for relief.

[2] "As a general rule, an amended pleading ordinarily supersedes the original and renders it of no legal effect." *Young v. City of Mount Ranier*, 238 F.3d 567, 572 (4th Cir. 2001)(internal quotation marks omitted); *see also* 6 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, *Federal Practice & Procedure* § 1476 (2d ed. 1990) ("A pleading that has been amended [ . . . ] supersedes the pleading it modifies [ . . . .] Once an amended pleading is interposed, the original pleading no longer performs any function in the case.").

[3] The defendant David Craw was voluntarily dismissed from this action on May 13, 2011 pursuant to a stipulation by the parties. [Docket 19, 31] The defendant "John Doe" has not yet been identified.

statute of limitations on Gary Cline's loss of consortium claim ran on December 9, 2009, two years after the accident occurred. Lowe's further asserts that, because the Amended Complaint was not filed until February 23, 2010, the loss of consortium claim is barred by the statute of limitations. On June 7, 2011, the Stanley defendants joined in the Motion filed by Lowe's. [Docket 38]. The plaintiffs have not responded to this Motion.

**II.     Analysis**

Under West Virginia law, a claim for loss of consortium must be commenced within two years after the right to bring the action accrued. *Chhaparwal v. West Virginia Univ. Hosp., Inc.*, No. 1:07-89, 2009 WL 2959882, at *9 (N.D. W. Va. Sept. 9, 2009) (citing W. Va. Code § 55-2-12 (2008)). "For purposes of tolling a statute of limitations, a civil action is commenced under the provisions of Rule 3 [of the West Virginia Rules of Civil Procedure] by filing a complaint with the court." *Charlton v. M.P. Indus., Inc.,* 314 S.E.2d 416, 419 (W. Va. 1984); W. Va. Code R. 3(a) (2008).[4] In the present case, it is clear that, although Linda Cline originally filed her Complaint on December 3, 2009, no claims were filed on behalf of Gary Cline until February 23, 2010.

Under West Virginia law, however, an amended complaint may "relate back" to the date of filing of the original complaint if certain requirements are satisfied. The Supreme Court of Appeals

---

[4] Since 1978, Rule 3 of the West Virginia Rules of Civil Procedure has "been identical to its federal counterpart," and only required that a plaintiff file a complaint with the court within the applicable limitations period in order to properly initiate a suit. *See Crawford v. Hatcher*, 804 F. Supp. 834, 836 (S.D. W. Va. 1992). "Prior to 1978, both in an earlier version of Rule 3 and in the days of common law pleading, West Virginia followed a different rule—issuance of a summons was necessary to give life to a civil action." *Id*.

of West Virginia "briefly discussed the conditions a plaintiff must satisfy under Rule 15 for an amendment changing a plaintiff to 'relate back' and avoid a statute of limitation." *Brooks v. Isinghood*, 584 S.E.2d 531, 540 (W. Va. 2003). In considering whether an amended pleading "relates back," the Court set out the following criteria:

> (1) Whether the claim asserted by the added parties arose out of the conduct, transaction or occurrence as required in Rule 15(c); (2) whether the defendant has received adequate notice of the claim against him; (3) whether the defendant would be unfairly prejudiced; and (4) whether there is an identity of interest between the original party plaintiff and the added parties.

*Id.* at 540-41 (internal quotation marks omitted).

Having considered the relevant criteria, the court hereby **FINDS** that Gary Cline's loss of consortium claim asserted in the Amended Complaint "relates back" to the original Complaint. First, the loss of consortium claim arises out of the same December 9, 2007 accident that gave rise to Linda Cline's original claims. Second, the defendants have received adequate notice of Gary Cline's loss of consortium claim and it does not appear that they will suffer undue prejudice in being forced to maintain a defense to this claim on the merits. The defendants had actual notice of the original action and Gary Cline brought his loss of consortium claim on February 23, 2010, before the defendants even removed the action to this court and well in advance of trial, giving the defendants adequate opportunity to prepare a defense to it. Finally, the Supreme Court of Appeals of West Virginia has noted that the "classic definition of identity of interest is where the original and new party are so intertwined in their affairs, business operations or other activities that it is fair to conclude that the added party learned early on of the commencement of the original action." *Brooks*, 584 S.E.2d, at n. 10. The Court has recognized that there is an identity of interest between a child and his parents. *Plum v. Mitter*, 204 S.E.2d 8, 10 (W. Va. 1974). In the present case, it appears that

there is an identity of interest between the original plaintiff, Linda Cline, and her husband, Gary Cline. Accordingly, the court **FINDS** that the plaintiffs' Amended Complaint relates back to Linda Cline's original Complaint, which was filed within the two-year statute of limitations set out in West Virginia Code § 55-2-12. The defendant's Motion is hereby **DENIED**.

### III. Conclusions

For the foregoing reasons, the Motion by the Defendant, Lowe's Home Centers, Inc. to Dismiss Plaintiff Gary Cline [Docket 36], which was joined by defendants the Stanley Black & Decker, Inc. f/k/a the Stanley Works and Stanley Access Technologies, LLC [Docket 38] is hereby **DENIED**.

The court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

ENTER: July 22, 2011

Joseph R. Goodwin, Chief Judge